

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-10-00116-CV

## IN RE AVI B. MARKOWITZ

_____

## Original Proceeding

## DISSENTING OPINION

This mandamus proceeding is targeting what appears to be, at best, an order compelling discovery in aid of collection of a judgment that is not final. That order, in my view, seeks post-judgment discovery from a person who was never sued, but against whom, or possibly a third party, a judgment may have been rendered.

What lies at the heart of the matter is that inadequate attention was paid to the details when the suit was filed and as the suit progressed. The underlying trial court proceeding was processed with an extraordinary lack of regard for the rules and the details necessary to successfully sue for collection of a note and guaranty, secure a valid judgment, and then be able to collect on that judgment. Many rules and details were simply ignored or swept past. I like rules. I find comfort in their consistent application.

I find protection in the requirement that they must be followed. But I am scared by what was brushed past to allow collection efforts to proceed against Avi B. Markowitz, MD when he was not properly sued. The Bank makes a simplistic response to the petition that basically Markowitz knew the suit was against him, that he received the citation and the petition, and because he took the risk of not appearing in the suit and defending against it there is no reason why he should not personally be held liable for the judgment. The Bank's primary legal response is that this was a simple misnomer, not a misidentification of parties. The Bank could be right but the record does not show it to be so. And I note, with some degree of satisfaction, that the Bank was meticulous in its preparation of the loan, security, and guaranty documents, obtaining the signatures of a separate legal entity that it now contends may not even exist, Avi B. Markowitz, MD, PA. In this proceeding, the Bank takes the incredible position that "PA" may stand for physicians assistant rather than professional association. And any suggestion that the suit was clearly only a suit against the guarantor must ignore the record.

Some description of the inconsistencies and errors is necessary, but I will not burden this opinion with all the inconsistencies and lack of attention to detail. I will only mention some of the many flaws in the underlying proceeding including, the most important, that Avi B. Markowitz, MD was never sued.

1. The original petition speaks throughout, including the style, in terms of only one defendant.

2. The defendant identified is Avi B. Markowitz, MD, PA. In this dissenting opinion, this entity will be identified as PA.

3. The style and text of the original petition indicates that PA is doing business as Central Texas Cancer Care.

4. The original petition is captioned "Original Petition for Suit on Note." It does not indicate it is a suit on a guaranty agreement.

5. The original petition first identifies PA as an individual. But obviously, a professional association is not an individual.

6. The original petition states that PA may be served at "his home." But professional associations do not have genders. Nor do we normally think of professional associations as having a home but rather a primary place of doing business.

7. The original petition also states that service may be made on "said Defendant" again indicating a singular defendant.

8. The original petition then states that a copy of the note was signed by PA, and is attached and incorporated. The note is attached and it was signed by the president of PA.

9. Next the original petition states that the defendant, again singular, is in default, and that the sum currently due on the note is an amount that is almost a quarter-of-a-million dollars.

Up to here, other than some references to a professional association, PA, as if it is a human person, as opposed to a fictitious person, there is nothing fatal to the Bank's claim against PA. But that is about to change.

10. The original petition then states that without waiving the foregoing, "Defendant Avi B. Markowitz, MD, PA, personally guaranteed the above-referenced note." The reference to defendant is again singular and it unquestionably again identifies PA but says PA "Personally guaranteed" the note. The Bank probably intended to sue Dr. Markowitz in his individual capacity as guarantor of the note but identified, and thus sued, only PA. The doctor individually, Dr., was never identified as the defendant in the petition. One could argue, though I think it is a long stretch, that because the guaranty agreement was incorporated by reference, Dr. was also sued. At the very least, however, there are glaring problems already present, and that is only through paragraph 6 of the petition.

11. The documents in the appendix, after the note, security agreement, asset based financing agreement, and guaranty that appear behind the tab with the original petition, and which appear to be proper copies, are the papers regarding service. The citation is issued to "Defendant Avi B. Markowitz, M.D. D/B/A Central Texas Cancer Center." Now remember that only PA has been referenced with a D/B/A, so it is somewhat confusing to have Dr. referred to with a D/B/A and the D/B/A is not Central Texas Cancer Care, as appeared in the style, text, and attachments of the original petition but by the name Central Texas Cancer Center. So it is unknown if this is a different D/B/A, or whether they intended to reference PA or Dr. This possible new identity will be referred to as "Center."

12. In the affidavit attached to the citation showing the proof of service by the professional process server, the style of the suit still identifies only PA as the only defendant, but identifies Center as the recipient of the papers.

13. The next document in the appendix is a motion for default judgment. It seeks a default judgment against only Center, not Dr. nor PA.

14. Nevertheless, the motion asserts that this new creature, Center, is the singular defendant and was properly served with a copy of the original petition by personal delivery (and according to the affidavit that would be correct). And it does not assert that PA or Dr. was served, only Center (and according to the affidavit that would be correct). And, by the way, the style of the case on the motion was changed to identify Center as the lone defendant.

15. The motion makes the observation that Center has not filed an answer. I note that Center was not identified in the original petition and did not sign the note or the guaranty.

16. Affidavits attached to the motion for default judgment have some statements in them that are demonstrably untrue based on the original petition and the attachments thereto. For example, it says that Center is the defendant and signed the note.

17. The order signed by the trial court granted the motion for default judgment in a document styled with Center as the only defendant and rendered the judgment against one Abi B. Markowitz, M.D. D/B/A Central Texas Cancer Center. Note that in this critical document — if you are going to get it right anywhere, this is the place to do it — we have the name "Abi" appear for the first time, and it is still neither PA nor Dr., and the judgment is for $259,081.88 plus $2,000 in attorney fees, post-judgment interest, and court cost. That judgment was not appealed and it does not appear that it could have been because it does not appear to be final.

18. But, nevertheless, we then have a subpoena for post-judgment collection efforts styled Dr. Avi B. Markowitz D/B/A Central Texas Cancer Care. We do not know if this is a new player, or one of the old ones, Center, PA, or Dr. identified in some other manner. We will call this new identity Dr. Care. But the subpoena was to summon Center to give testimony at a date and time specified. The notice attached to the subpoena is issued to Center but indicates it is going to take the deposition of the latest new identity, Dr. Care.

19. By the time the motion to compel the oral deposition is filed, the style of the suit has again changed. It is back to identifying Center as the only defendant. It wants Center to answer the discovery and attend the deposition.

20. The notice of setting is interesting because it indicates the suit is Brazos Valley Bank v. Avi B. Markowitz, M.D., et al. Thus for the first time the existence of multiple defendants is suggested. Oddly enough Brazos Valley Bank N.A. is no longer identified with the "N.A." and could suggest a change in ownership.

21. Finally, the style of the order and target of the discovery reverts to identifying Center as the only defendant.

Fastidious attention to detail this proceeding is not. At some point, a proceeding becomes so gnarly due to the actions of one of the parties that the party that caused it has to suffer the consequences of what has been, or has not been, done. In this instance, the only person clearly identified in the live pleadings as a defendant is PA and there has been no judgment for or against PA. PA has not been served. Dr. may or may not have been served, but he was not named in the petition as the defendant, PA was.

It may not be too late for the Bank to clean up this suit so that it is clear who has been sued and for what, and then proceed to proper collection efforts if the Bank again prevails. But if, as the Court has determined, there are multiple intended defendants, the interlocutory default judgment against Center can be ignored or set aside by the trial court; the trial court still has jurisdiction because the judgment did not even

purport to dispose of all claims against all parties and, therefore, does not appear to be final.

In the final analysis, I would grant mandamus relief and issue a writ of mandamus if the trial court failed to quash the discovery sought against Dr. Avi B. Markowitz until such time as these and the other procedural anomalies have been cleaned up and a proper final judgment is obtained against the maker or guarantor of the note that is the subject of the suit. Then let proper collection efforts begin.

Accordingly, I respectfully dissent from the denial of the petition for writ of mandamus.


TOM GRAY
Chief Justice

Dissenting opinion delivered and filed July 7, 2010